CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/25/2017
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JEFFERY L. BUCKNER,<br><br>*Plaintiff*,<br><br>v.<br><br>LYNCHBURG REDEVELOPMENT AND HOUSING AUTHORITY,<br><br>*Defendant*. | CASE NO. 6:16-cv-00070<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This case is before the Court on Plaintiff's motion for wavier of costs. (Dkt. 40). The motion arises out of the aftermath of Plaintiff's suit against Defendant alleging a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. ("ADEA"). *See Buckner v. Lynchburg Redevelopment & Hous. Auth.*, No. 6:16-CV-00070, 2017 WL 2601898 (W.D. Va. June 15, 2017). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to Judge Robert S. Ballou for a recommended disposition. Judge Ballou's Report and Recommendation, (dkt. 43, hereinafter "R&R"), advises this Court to deny Plaintiff's motion for waiver of costs and award Defendant costs in the amount of $1,714.68. Plaintiff filed timely objections to the R&R. (Dkt. 44, hereinafter "Objections"). Because I find Plaintiff's Objections lack merit, I will adopt the R&R in full, deny Plaintiff's motion, and award costs to Defendant.

**I. Factual and Procedural Background**

Defendant moved for, and was granted, summary judgment based upon its presentation of "evidence supporting its legitimate overqualification rationale for not hiring Plaintiff . . . ." *Buckner*, 2017 WL 2601898 at *1. While recognizing that Plaintiff had made out a *prima facie* case under the *McDonnell Douglas* framework, this Court found Defendant stated a legitimate,

1

nondiscriminatory reason for not hiring Plaintiff: overqualification. *Id.* at *4. After finding that sufficient objective reasons supported overqualification as a negative trait, the burden then shifted back to Plaintiff to demonstrate the reason was merely a pretext. *Id.* at *6. In granting summary judgment, this Court found Plaintiff failed to demonstrate that Defendant's overqualification reason was a pretext, and could not satisfy the high "but-for" causation standard required for his claim. *Id.* Plaintiff then filed the instant motion for wavier of costs.

## II. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Indeed, the rule gives rise to a presumption in favor of an award of costs to the prevailing party." *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994).

When a district court finds that a departure from the general rule is warranted, it must articulate "some good reason for doing so." *Id.* (quoting *Oak Hall Cap and Gown Co. v. Old Dominion Freight Line, Inc.,* 899 F.2d 291, 296 (4th Cir. 1990)). The Fourth Circuit recognizes two hallmark "good reasons": punishment and poverty. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) ("[O]nly misconduct by the prevailing party worthy of a penalty . . . or the losing party's inability to pay will suffice to justify denying costs." (quoting *Congregation of The Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219, 222 (7th Cir. 1988))). The Fourth Circuit has recognized other "good reasons" including: excessiveness of costs; the limited value of the prevailing party's victory; or the closeness and difficulty of the issues decided. *Cherry*, 186 F.3d at 446. While bringing suit in good faith is "a virtual prerequisite to a denial of costs in favor of a prevailing party," good faith "alone is insufficient . . . ." *Teague*, 35 F.3d at 996.

In reviewing a Report and Recommendation, a district court "is only required to review *de novo* those portions of the report to which specific objections have been made." *Farmer v. McBride*, 177 F. App'x 327, 331 (4th Cir. 2006). A district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b).

### III. Discussion

Contending that the Court should waive Plaintiff's payment of Defendant's costs, Plaintiff advances two objections to Judge Ballou's R&R: (1) the case was "close and difficult"; and (2) it is more difficult for Plaintiff to pay the costs than for Defendant to bear its own costs. The Court finds Plaintiff's Objections without merit, and both will be overruled.

**A.     The Case Was Not a "Close and Difficult" One**

Plaintiff objects to Judge Ballou's R&R contending that since "the case in question was a close and difficult one . . . ," the Court should deny Defendant the costs it would be entitled to as the prevailing party. (Objections at 1–2 (citing *Teague*, 35 F.3d at 978). Specifically, Plaintiff posits that the issue of "whether Defendant's defense of Plaintiff's 'overqualification' was a genuine reason for the [Defendant's] refusal to hire him, or was merely pretextual," was a "close and difficult" one. (Objections at 2).

Cases categorized as "close and difficult" appear "reserved for those matters that involve extremely complex legal principles and that are resolved in such a manner that it would be inequitable for the putative victor to be able to shift his costs to the putative loser." *See Selman v. Am. Sports Underwriters*, No. CIV. A. 84-0099-C, 1990 WL 265980, at *2 (W.D. Va. July 31, 1990) (holding that no waiver should be given despite the "hard fought" nature of the case and, unlike patent litigation, the breach of contract action did not pose sufficiently complex legal

3

issues). *See also Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (finding it was not an abuse of discretion for the district court to deny costs in the amount of $61,957.45 to the prevailing party when *multiple* "issues in the case were close and difficult" and the "case was hotly contested at trial and in previous appeal."); *Teague*, 35 F.3d at 981–85 (finding defendant's liability a "close and difficult" question in a suit involving "numerous defendants [and] alleging common law fraud, federal and state securities fraud, state timeshare fraud, federal and state RICO violations, and negligence . . . ."); *Lucas v. Shively*, No. 7:13CV00055, 2015 WL 2092668, at *2 (W.D. Va. May 5, 2015) (finding the "significant factual development, and the legal issues touch[ing] on 42 U.S.C. § 1983 liability, qualified immunity, [] probable cause analysis," and fingerprint analysis methodology were sufficient to constitute a "close and difficult" case).

Plaintiff's lone age discrimination claim does not rise to the level of being so "close and difficult" as to warrant a waiver of costs. The legal analysis, while involved in its burden shifting, is not overly complex (unlike a securities fraud or patent case). The case did not go to trial and was not appealed. Moreover, Plaintiff mischaracterizes his case as "turn[ing] on whether Defendant's defense of Plaintiff's 'overqualification' was a genuine reason for the [Defendant's] refusal to hire him, or was merely pretextual."[1] (Objections at 2). Although an issue in the case, I concluded that even if Plaintiff was able to demonstrate it was a pretext, he did not provide "sufficient evidence that [Plaintiff's] age was the 'but-for' cause of the adverse

---

[1] While I did recognize that the Fourth Circuit had not yet addressed the question of whether "overqualification" was a legitimate, nondiscriminatory reason, I continued by noting that "several circuits have accepted overqualification as a legitimate reason to not hire an older worker under the ADEA." *Buckner*, 2017 WL 2601898, at *3. Further, Plaintiff's contention that various "Circuit Courts of Appeals have taken different positions on the question" fails to account for his inability to provide sufficient evidence to demonstrate the required "but-for" causation to prove his claim. (Objections at 2).

4

action . . . ." *Buckner*, 2017 WL 2601898, at *6. Notably, I concluded that "[e]ven considering the evidence in the light most favorable to Plaintiff, no reasonable trier of fact faced with this evidence would find that the Plaintiff's age was the but-for cause of his failure to be hired by Defendant." *Id.* Thus, although one part of the analysis was arguably "close," the issue of but-for causation was not.

B.     **Defendant's Comparative Economic Power**

Plaintiff contends that, in conjunction with there being a "close and difficult" question, "Plaintiff's demonstrably greater difficulty in paying the costs of this case given that Defendant receives most of its funds through government grants, militate[s] in favor of denying Defendant's motion for costs. . . ." (Objections at 3). Indeed, Plaintiff's initial motion stated: "Defendant is more equipped to bear the costs of such an action, and suffers little actual loss, while Plaintiff has borne losses that represent a significant personal cost, both in terms of costs of suit and attorney's fees." (Dkt. 40 at 2). Defendant's costs total $1,714.68.

In *Cherry*, the Fourth Circuit found that "the losing party's inability to pay [would] suffice to justify denying costs." *Cherry*, 186 F.3d at 446 (quoting *Congregation of The Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219, 222 (7th Cir. 1988)). However, the Fourth Circuit has held that district courts should not consider "the parties' comparative economic power," since to do so would "almost always favor an individual Plaintiff . . . over [their] employer defendant." *Id.* at 448. *See also Arthur v. Pet Dairy*, No. 6:11-CV-00042, 2013 WL 6228732, at *3 (W.D. Va. Dec. 2, 2013) (Moon, J.) (citing *Bass v. E.I. DuPont de Nemours & Co.,* 324 F.3d 761, 766 (4th Cir. 2003) (upholding an award of costs that represented half of Plaintiff's disposable income)).

> Moreover, the plain language of Rule 54(d) does not contemplate a court basing awards on a comparison of the parties' financial strengths. To do so would not only undermine the presumption that Rule 54(d)(1) creates in prevailing parties' favor, but it would also undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or status.

*Cherry*, 186 F.3d at 448. Given the Fourth Circuit's clearly articulated position on such considerations, I will not consider Defendant's financial position in determining whether costs should be waived.[2]

### IV. Conclusion

Because Plaintiff has failed to overcome the presumption in favor of awarding costs to the prevailing party, I adopt Judge Ballou's R&R in its entirety. Therefore, Plaintiff's motion for waiver of costs will be denied and Defendant will be awarded $1,714.68 in costs. An appropriate Order will issue.

The Clerk of the Court will be directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 25th day of October, 2017.

*[signature: Norman K. Moon]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] It should be noted that Plaintiff has not contended in his Objections that he is unable to pay. Rather, Plaintiff asserts that he will have "greater difficulty in paying the costs" than Defendant. (Objections at 3).